ORDERED in the Southern District of Florida on _Mar 22, 2007_



John K. Olson, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          :
                                                :
BRUCE MacNEAL,                                  :        Case No. 06-14202-BKC-JKO
                                                :        Chapter 7
        Debtor.                                 :
_____            :

## ORDER SUSTAINING OBJECTIONS TO CLAIM OF EXEMPTIONS

**THIS MATTER** came before the Court on February 5, 2007, on objections to the Debtor's

claimed exemptions. By Order entered February 9, 2007 [CP 87], I took the matter under advisement.

Because I conclude that the property claimed to be exempt – a Truth-in-Lending claim asserted by the

Debtor against Equinamics Corp. ("Equinamics") and related claims – are personal property and not

homestead property under Florida law, I sustain the objections and determine that these claims are all

property of the estate subject to administration by the chapter 7 Trustee.

The Debtor filed his original petition under chapter 13 of the Bankruptcy Code on August 31,

2006. Because his debts exceeded the limits imposed by 11 U.S.C. § 109(e), the Debtor was ineligible

for relief under chapter 13.  He voluntarily converted the case to a case under chapter 7 on January 9, 2007 [CP 67].

The Debtor filed his original schedules on October 13, 2006 [CP 31] and subsequently twice amended Schedule C – Property Claimed as Exempt [CP 64; CP 81].  The amendments sought to describe with greater precision the Debtor's claim that he has a right to rescind a transaction with Equinamics, or has a right to damages, or has some defensive right, arising under the Truth-in-Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and regulations promulgated thereunder, 12 C.F.R. Part 226.01 *et seq.*  In each iteration of the claimed exemption, the Debtor claims that his exemption arises under "Fla. Const. art. X, § 4(a)(1); Fla. Stat. Ann. §§ 222.01, 222.02, 222.05."

Equinamics timely objected to the claimed exemption on December 29, 2006 [CP 56]. Subsequent to the conversion of the case to a case under chapter 7 and the appointment of Sonya L. Salkin as chapter 7 trustee (the "Trustee"), the Trustee joined [CP 79]in the Equinamics objection.  The Order  taking the matter under advisement [CP 87] invited the parties to submit additional authorities in support of their positions; the Debtor and Equinamics have done so.  The Debtor has filed an Amended Schedule C [CP 64] to which Equinamics timely filed an additional objection [CP 85], and a Second Amended Schedule C [CP 81] to which Equinamics timely filed its objection [CP 98]. Because the amended Schedule C's and the companion objections do not reframe the issues in a manner which requires separate argument, I consider and rule on them in this Order.[1]

-----

[1]The Debtor has not filed any response to Equinamics' later objections [CP 85 and CP 98] to his claim of exemptions.

-2-

Article X, § 4(a)(1) of the Florida Constitution provides that a homestead, as defined, is exempt from levy and execution under the laws of Florida. *Fla. Stat.* §§ 222.01, 222.02, and 222.05 provide the method by which homestead property may be designated as such before or after levy.

Pursuant to 11 U.S.C. § 541(a), the filing of a bankruptcy petition creates an estate consisting of all of the debtor's legal or equitable interests in property as of the petition date. This property includes all causes of action or claims owned by the debtor as of the petition date. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.9 (1983); *Parker v. Wendy's International, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004); *In re Moore,* 312 B.R. 902, 906 (Bankr. N.D. Ala. 2004). Unless any such cause of action or claim is exempt under applicable law, all such causes of action or claims become property of the estate and, in a chapter 7 case, are subject to administration by the chapter 7 trustee. *In re Mills,* 46 B.R. 525 (Bankr. S.D. Fla. 1985). TILA claims are included in this rule. *Polis v. Getaways, Inc.,* 217 F.3d 899, 902 (7th Cir. 2000).

Under the Florida exemption scheme, in general, a natural person can claim a homestead exemption in an unlimited amount. But a natural person can only claim an exemption in personal property (other than a car) in the total amount of $1,000. Here, the Debtor has consistently claimed as exempt $150 in cash and $600 in miscellaneous personal property, leaving a "wildcard" balance available of only $250.[2] It is thus easy to understand why the Debtor would wish to characterize his TILA claims as something other than personal property. As the ancient folk wisdom puts it, if wishes were horses, beggars would ride. Mr. MacNeal can find no horse here.

---

[2]The Debtor has never claimed that his TILA claims are exempt as personal property. If he had done so, the maximum litigation recovery he could retain as exempt would be $250.

TILA claims are not based in any way on the Florida homestead exemption rights, and there is no provision in Florida homestead law that could give rise to a TILA claim. Mr. MacNeal's TILA and related claims are independent rights established under federal law.[3] As such, these claims cannot be subsumed into Mr. MacNeal's homestead rights arising under state law.[4]

Because the TILA and related claims are property of the estate, they are subject to administration by the Trustee and are not exempt as part of Mr. MacNeal's homestead. Accordingly, the objections to the Debtor's claim of exemptions will be sustained. Based thereon, it is ORDERED:

1.      Equinamics' objections to the Debtor's claim of exemptions [CP 56, CP 85 and CP 98], and the objection by the Trustee [CP 79] are SUSTAINED.

2.      The TILA and all other claims asserted by the Debtor in Adversary Proceeding 06-1939 are hereby DETERMINED to be property of the estate subject to administration by the Trustee.

3.      The Trustee is hereby DIRECTED to substitute herself as the sole party plaintiff in Adversary Proceeding 06-1939 within ten days of the date of this Order.

---

[3]The Debtor also asserts in Adversary Proceeding 06-1939 brought against Equinamics related claims under the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA", a subsection of TILA), under Florida usury law, and to quiet title and for declaratory relief. To the extent that these claims are fairly included in the Debtor's claim of exemptions as set forth in his various iterations of Schedule C, my ruling in this Order as to the TILA claims applies equally to them. To the extent that these additional claims are not fairly included in the property claimed as exempt in Schedule C, they are necessarily property of the estate and subject to administration by the Trustee. In any event, all of the claims asserted in Adversary Proceeding 06-1939 are hereby determined to be property of the estate subject to administration by the Trustee.

[4]This simple fact probably explains why all of the TILA litigation with which I am familiar arises in chapter 13 cases, where the debtor remains in control of his or her property during the pendency of the case.

4.     The hearing scheduled for April 2, 2007, on Equinamics' objection [CP 98] to the

Debtor's claim of exemptions as set forth in the Debtor's Second Amended Schedule C [CP 81] is

hereby CANCELLED.

###

Copies to:

Sherri B Simpson, Esquire
Joel L. Tabas, Esquire
Patrick S. Scott, Esquire
Sonya L. Salkin, Trustee
Office of the United States Trustee